■ JAIME SILVA, Plaintiff, v F.R. REAL ESTATE DEVELOPMENT CORP. et al., Defendants. F.R. REAL ESTATE DEVELOPMENT CORP. et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiff, v GALAXY GENERAL CONTRACTING CORP., Third-Party Defendant. GALAXY GENERAL CONTRACTING CORP., Second Third-Party Plaintiff-Respondent, v ZURICH SPECIALTIES LONDON LTD., Second Third-Party Defendant-Appellant. [870 NYS2d 328]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about July 19, 2007, in a declaratory judgment action to resolve an insurance coverage dispute, inter alia, granting the motion of third-party defendant/second third-party plaintiff Galaxy General Contracting Corp. (Galaxy) to reargue an order of the same court and Justice, entered January 31, 2007, and, upon reargument, directing second third-party defendant Zurich Specialties London Ltd. (Zurich) to immediately defend and indemnify Galaxy and third-party plaintiffs F.R. Real Estate Development Corp. (FR Real Estate) and Neighborhood Partnership Housing Development Fund Co., Inc. (Neighborhood) in an underlying personal injury action, and directing the Clerk, upon payment of fees and the filing of a notice of trial/inquest, to set a date for the determination of legal fees, costs, and expenses due Galaxy as a result of

Zurich's refusal to defend and indemnify, and bringing up for review an order, same court and Justice, entered July 9, 2007, which, inter alia, granted Galaxy's motion to reargue the prior order, entered January 31, 2007, and, upon reargument, modified the prior order to find that there were no issues of fact with respect to the deletion of the exclusions in the subject insurance policy, or with respect to whether Zurich received timely notification of the underlying action, and granted Galaxy's request for an order of indemnification and defense, unanimously modified, on the law, to vacate that portion of the judgment directing the Clerk to set a date for determination of legal fees, costs, and expenses, and otherwise affirmed, without costs. Appeal from above order entered July 9, 2007, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered June 9, 2008, which, upon granting the motion of FR Real Estate and Neighborhood to modify an order of the same court and Justice, entered January 12, 2007, so as to award FR Real Estate as well as Neighborhood a grant of conditional indemnification as against Galaxy, and impliedly denying Zurich's motion to vacate the above judgment, directed that Zurich defend and indemnify Galaxy, FR Real Estate, and Neighborhood in the underlying action, unanimously affirmed, without costs.

The court properly directed Zurich to defend and indemnify Galaxy, FR Real Estate and Neighborhood in the underlying action. The record establishes that the subject policy afforded coverage to Galaxy, and that the liability exclusions in the policy relied upon by Zurich had been deleted from the policy. Furthermore, under the circumstances presented, the delay in notifying Zurich of the third-party action was not unreasonable as a matter of law.

However, we modify the judgment to the extent indicated, since the law "is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co.*, 250 AD2d 109, 114 [1998]). Accordingly, there could be no basis for the award of "legal fees, costs, and expenses" as recited in the judgment, and there would be no purpose in holding a trial on whether these amounts may be recovered.

Regarding the June 9, 2008 order, the court properly corrected its prior order to find that FR Real Estate, as well as Neighborhood, was entitled to a defense and indemnification by Zurich (CPLR 5019). Contrary to Zurich's contention, the issue

of indemnification was before the court by way of Zurich's application to vacate the July 2007 judgment.

We have considered Zurich's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ.